IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY OLMSTED,
JEROME METCALFE JR,

                        ORDER

             Plaintiffs,

                        08-cv-309-bbc

     v.

MATTHEW FRANK, RICHARD VICTOR,
SGT. STELLINGS, WILLIAM POLLARD,
PETE ERICKSEN, MARK KILUELKE, LT.
VANGEEM, CAPT. BRANDT, LT.
SWIEKATOWSKI, RICHARD SCHNEIDER,
MONICA HORNER, SARA MASON,
ROBERT HABLE, ELLEN RAY, LT.
STUTLEEN, and OFFICER SHERMAN;
all in their official and personal capacities

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was filed originally in the Circuit Court for the County of Dane, Wisconsin.

Defendants removed the case to this court on May 30, 2008. Because plaintiffs are

prisoners, they are subject to the 1996 Prison Litigation Reform Act and the complaint must

be screened pursuant to 28 U.S.C. § 1915A. However, before screening, two issues have

arisen. First, plaintiff Troy Olmsted has moved to remand the case to state court,

1

contending that there is no basis for removal of the case.  Second, plaintiff Olmsted asks that this court impose an additional filing fee on defendants for removing a two-plaintiff case to federal court.

Plaintiff Olmsted's motion to remand can be disposed of quickly.  In his motion, plaintiff Olmsted contends that the complaint raises only state law claims "under rights arising out of 42 U.S.C. § 1983." Plaintiff Olmsted is mistaken.  Under 28 U.S.C. §§ 1441, a defendant may remove a state court action to federal court whenever the action raises one or more claims arising under federal statutory or constitutional law.  42 U.S.C. § 1983 is a *federal* statute, not a state statute, and it allows suit for violations of *federal* law, not state law. The claims plaintiffs raise are for violations of federal constitutional rights:  due process and free speech.  Therefore, plaintiff's motion to remand will be denied.

As for plaintiff Olmsted's contention that the court should impose a second filing fee on defendants, he is right, although not quite as he may expect.  Plaintiff Olmsted appears to be arguing that defendants should be required to pay an additional filing fee because, under Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff subject to the Prisoner Litigation Reform Act must pay a separate fee, and therefore defendants should be required to pay for each plaintiff subject to the Prisoner Litigation Reform Act when removing the case.  This argument is not persuasive.

The general statute addressing filing fees is 28 U.S.C. § 1914(a), which states that

2

"[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." In <u>Boriboune</u>, 391 F.3d at 856, the court considered this statute's applicability in the context of lawsuits filed by prisoners. The court held that although generally 28 U.S.C. § 1914(a) requires only one filing fee for each *case* filed, lawsuits filed by prisoners require one filing fee for each *prisoner* because 28 U.S.C. § 1915(b) comes into play, a statute that "specifies a per-litigant approach to fees." However, the reasoning in <u>Boriboune</u> cannot be stretched to apply to defendants removing a case brought by prisoners from state court. Section 1915(b) applies only when "a *prisoner* brings a civil action" in federal court. 28 U.S.C. § 1915(b) (emphasis added). The general rule in § 1914 applies here. Defendants rightly paid one filing fee for removing this case.

However, the inquiry does not stop there. As the Court of Appeals for the Seventh Circuit has emphasized, district courts have an independent duty to apply the permissive joinder rule stated in Fed. R. Civ. P. 20 to prevent improperly joined parties from proceeding in a single case. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (complaint raising unrelated issues against different defendants "should be rejected" by district court in accordance with Rule 20); <u>see also</u> <u>Boriboune</u>, 391 F.3d at 856 ("district courts must accept complaints filed by multiple prisoners *if the criteria of permissive joinder* are satisfied") (emphasis added); Fed. R. Civ. P. 21 (court may, at any time, <u>sua sponte</u> add or drop a party

3

or sever claim against party).

Rule 20 prohibits plaintiffs from joining together to file one action unless their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." In addition, Rule 20 prohibits plaintiffs from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiffs assert at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed. 1978).

Only after the requirements for joinder of parties have been satisfied under Rule 20 may a plaintiff use Fed. R. Civ. P. 18 to join any unrelated claims against the multiple defendants or any combination of them. Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). In other words, only once the core set of allowable defendants has been determined under Rule 20 may a plaintiff join additional unrelated claims against one or more of those defendants under Rule 18.

Plaintiffs in this case assert separate claims against different defendants for different incidents. Plaintiff Olmsted asserts the following claims:

4

(Under "1st Cause of Action (Olmsted)") that defendants Ericksen, Pollard, Frank, Swiekatowski, Bierke, Kiluelke, Stellings, Ray and Victor violated his right to due process by disciplining plaintiff Olmsted on the basis of an unsubstantiated conduct report related to smuggling intoxicants and falsifying the record when plaintiff Olmsted attempted to challenge the conduct report on procedural grounds.

(Under "2nd Cause of Action (Olmsted)") that defendants Mason, Horner and Hable violated his right to due process and free speech by prohibiting him from sending or receiving mail from his ex-wife during a family law dispute.

(Under "3rd Cause of Action (Olmsted)") that defendant Mason violated his right to due process and free speech by prohibiting him from sending or receiving mail from his co-defendant in an underlying criminal conviction."

(Under "6th Cause of Action (Olmsted)") that defendant Sherman violated his due process and free speech rights by retaliating against him by removing 18 photographs from his cell and destroying them while a complaint seeking their return was pending.

Plaintiff Metcalfe asserts the following claims:

(Under "4th Cause of Action (Metcalfe)") that defendants Brandt, VanGheem and Pollard violated his rights to due process and free speech by retaliating against plaintiff Metcalfe by disciplining him for paying inmates for legal work, writing threatening letters and transferring typewriters without allowing plaintiff Metcalfe an opportunity to fully respond to the allegations, by falsifying the related record and by blocking attempts to complain about the incident.

(Under "5th Cause of Action (Metcalfe)") that defendant Stutleen violated his right to due process and free speech by retaliating against plaintiff Metcalfe by disciplining him for possessing more than three typing ribbons without allowing him a full opportunity to contest the allegations.

As is apparent, none of plaintiff Olmsted's claims arise out of "the same transaction,

5

occurrence, or series of transactions or occurrences" as any of the claims asserted by plaintiff Metcalfe.  Moreover, none of the claims asserted by either plaintiff against each set of defendants arise out of "the same transaction, occurrence, or series of transactions or occurrences" as any other claim.  Therefore, Rule 20 does not allow permissive joinder of any of the six claims.  As for joinder under Rule 18, only "2nd Cause of Action (Olmsted)" and "3rd Cause of Action (Olmsted)" may be joined under that rule because those are the only two claims in which all of the defendants are in common.  Thus, this case must be broken up into five lawsuits:

- lawsuit #1 includes the allegations asserted in "1st Cause of Action (Olmsted)";
- lawsuit #2 includes the allegations asserted in "2nd Cause of Action (Olmsted)" and "3rd Cause of Action (Olmsted);
- lawsuit #3 includes the allegations asserted in "6th Cause of Action (Olmsted)";
- lawsuit #4 includes the allegations asserted in "4th Cause of Action (Metcalfe)"; and
- lawsuit #5 includes the allegations asserted in "5th Cause of Action (Metcalfe)."

Having concluded that under Rule 20, I must sever this case into five separate lawsuits, I return to 28 U.S.C. § 1914(a), which requires fees for each *case*, as explained in Boriboune, 391 F.3d at 856, whether the case is instituted "by original process, removal or *otherwise*." 28 U.S.C. § 1914(a) (emphasis added).  Although defendants paid a filing fee upon removal, this fee applies only to one of the five cases; the other cases have been "instituted" by way of severance and defendants, who brought this case to federal court in the first place, must pay the cost to have the severed cases filed.

6

Because a defendant removing a multi-claim, multi-party lawsuit to federal court may not be able to anticipate the results of a court's Rule 20 analysis in every case, it would be unfair to impose the additional filing fees on defendants without first allowing them an opportunity to decline to proceed in federal court with some or all of the severed cases. Thus, defendants will be given an opportunity to choose to which of the five lawsuits the filing fee they have already paid should be applied and which of the remaining lawsuits they wish to pursue in this court, if any. Any case for which defendants decline to pay a filing fee will be remanded to state court.

As a final matter, plaintiff Olmsted attempts to argue that the originally filed case should be remanded because defendants did not pay all the filing fees at the time of removal, as required by 28 U.S.C. § 1446(b). However, as noted earlier, the notice of removal was filed and the single filing fee was paid on time. The four new lawsuits are not to be filed as newly "removed," but rather as severed from a case already removed. Defendants were not required to "file" additional fees for the separate lawsuits before they were even severed to preserve their rights under the removal statute.

ORDER

IT IS ORDERED that:

    1.  Plaintiff Olmsted's motion to remand (dkt. #3) is DENIED.

2.  Defendants may have until August 6, 2008, in which to identify for the court the separately numbered lawsuit identified in the body of this opinion that they wish to defend in this case under the number assigned to this case.  As to this one lawsuit, defendants' filing fee will be applied.

3.  Defendants may have until August 6, 2008, in which to advise the court which of the remaining separately numbered lawsuits they choose to defend in this court.

4.  For any lawsuit that defendants advise the court they intend to defend in this court (other than the one defendants choose to keep assigned to this case number), defendants will owe a separate $350 filing fee, which they must pay in full no later than August 13, 2008.  The payments may be submitted by a check or money order made payable to the clerk of court.

5.  For any lawsuit that defendants advise the court they will not prosecute in federal court, I will issue a remand order.  In that instance, they will not owe a filing fee for the remanded action.

6. If, by August 6, 2008, defendants fail to respond to this order, I will enter an order

remanding the lawsuit to state court in its present form.

Entered this 23rd day of July, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

9