IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY OLMSTED,
JEROME METCALFE JR,

                               ORDER

               Plaintiffs,

                               08-cv-309-bbc

    v.

MATTHEW FRANK, RICHARD VICTOR,
SGT. STELLINGS, WILLIAM POLLARD,
PETE ERICKSEN, MARK KILUELKE, LT.
VANGEEM, CAPT. BRANDT, LT.
SWIEKATOWSKI, RICHARD SCHNEIDER,
MONICA HORNER, SARA MASON,
ROBERT HABLE, ELLEN RAY, LT.
STUTLEEN, and OFFICER SHERMAN;
all in their official and personal capacities

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Troy Olmsted has filed a letter dated July 24, 2008, asking that this court

remand his case to the Circuit Court for Dane County for the reason that the defendants

have not paid the full amount of the filing fees required for removing what he presumed to

be two actions presented in one pleading.  As plaintiff Olmsted now is aware, he and plaintiff

Metcalfe included in one pleading claims that were required to be severed into *five* separate

1

lawsuits. In an order dated July 23, 2008, I identified those five lawsuits as follows:

- Lawsuit #1 is a lawsuit pertaining to plaintiff Olmsted only in which Olmsted alleges that defendants Ericksen, Pollard, Frank, Swiekatowski, Bierke, Kiluelke, Stellings, Ray and Victor violated his right to due process by disciplining him on the basis of an unsubstantiated conduct report related to smuggling intoxicants and falsifying the record when Olmsted attempted to challenge the conduct report on procedural grounds.

- Lawsuit #2 also is a lawsuit pertaining exclusively to plaintiff Olmsted in which Olmsted alleges that defendants Mason, Horner and Hable violated his right to due process and free speech by prohibiting him from sending or receiving mail from his ex-wife during a family law dispute and that defendant Mason violated his right to due process and free speech by prohibiting him from sending or receiving mail from his co-defendant in a criminal case.

- Lawsuit #3 is a lawsuit pertaining exclusively to plaintiff Olmsted in which Olmsted alleges that defendant Sherman violated his due process and free speech rights by retaliating against him by removing 18 photographs from his cell and destroying them while a complaint seeking their return was pending.

- Lawsuit #4 is a lawsuit pertaining exclusively to plaintiff Metcalfe in which Metcalfe alleges that defendants Brandt, VanGheem and Pollard violated his right to

free speech when they retaliated against him for complaining about prison conditions by issuing him a conduct report charging him him with paying inmates for legal work, writing threatening letters and transferring typewriters, and that these same defendants violated plaintiff 's right to due process by not allowing him an opportunity to fully respond to the charges, falsifying the related record and blocking his attempts to complain about the incident.

- Lawsuit #5 also is a lawsuit pertaining exclusively to plaintiff Metcalfe in which Metcalfe alleges that defendant Stutleen violated his right to free speech when he disciplined plaintiff for possessing more than three typing ribbons in retaliation for plaintiff's complaints about prison conditions and denied plaintiff due process by refusing him a full opportunity to contest the charge against him.

In the July 23 order, I gave defendants the option of choosing which of the five lawsuits listed above they wished remanded to state court. I advised defendants that if they wished to retain all five suits in federal court, I would sever the actions and they would have to pay the filing fees for each severed action no later than August 13, 2008.

On July 29, 2008, defendants responded to the July 23, 2008 order. In their response, defendants state that they will apply to Lawsuit #1 the $350 filing fee they already have paid. In addition, they will defend against the claims raised by plaintiff Olmsted in what this court has identified as Lawsuit ## 2 and 3, which I am severing now and assigning

3

case nos. 08-cv-438-bbc and 08-cv-439-bbc, respectively.  Defendants are arranging presently

to pay the $350 fee for each of these severed cases pursuant to 28 U.S.C. § 1914.  Finally,

defendants have asked that the remainder of plaintiffs' lawsuit be remanded to state court.

In particular, they do not wish to defend in federal court the claims plaintiff Metcalfe has

brought against them.  Therefore, I will remand Metcalfe's claims to the Circuit Court for

Dane County, Wisconsin.  It will be up to that court to determine according to its own rules

whether Metcalfe's claims may be heard in one action.

Because the matter raised in plaintiff Olmsted's letter of July 24 was addressed in the

July 23 order and because defendants have agreed to pay all fees necessary to defend against

the three actions that will result from the severance of his claims as required by Fed. R. Civ.

P. 20, plaintiff Olmsted's motion to remand the entire case to state court will be denied as

moot.


ORDER

IT IS ORDERED that plaintiff's letter of July 24, 2008 (Dkt. #7), construed to

include a motion to remand, is DENIED as moot.

Further, IT IS ORDERED that plaintiff Olmsted's claims are SEVERED into three

actions that will be heard in federal court as follows:

In this case (case no. 08-cv-309-bbc) plaintiff may prosecute his claim that

4

defendants Ericksen, Pollard, Frank, Swiekatowski, Bierke, Kiluelke, Stellings, Ray and Victor violated his right to due process by disciplining him on the basis of an unsubstantiated conduct report related to smuggling intoxicants and falsifying the record when Olmsted attempted to challenge the conduct report on procedural grounds.  The remaining defendants and plaintiff Metcalfe are DISMISSED from this action.

In case no. 08-cv-438-bbc plaintiff may prosecute his claims that defendants Mason, Horner and Hable violated his right to due process and free speech by prohibiting him from sending or receiving mail from his ex-wife during a family law dispute, and that defendant Mason violated his right to due process and free speech by prohibiting him from sending or receiving mail from his co-defendant in a criminal case.  The remaining defendants and plaintiff Metcalfe are DISMISSED from this action.

In case no. 08-cv-439-bbc, plaintiff may prosecute his claim that defendant Sherman violated his due process and free speech rights by retaliating against him by removing 18 photographs from his cell and destroying them while a complaint seeking their return was pending.  The remaining defendants and plaintiff Metcalfe are DISMISSED from this action.

Further, IT IS ORDERED that each of the above-three actions is taken under advisement for screening under 28 U.S.C. § 1915A.

Finally, IT IS ORDERED that plaintiff Metcalfe's claims are REMANDED to the

5

Circuit Court for Dane County, Wisconsin.

Entered this 30th day of July, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6